UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                     ) | Case No. 2:24-cr-00485-AMM-NAD-2 |
| ) | |
| BLAKE MILLER BARAKAT     ) | |

## FINDING OF COMPETENCY

Pursuant to 18 U.S.C. § 4241, the court **FINDS** that Defendant Barakat is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, and **ORDERS** that Barakat is competent to stand trial (*see* Doc. 10).

## BACKGROUND

On December 19, 2024, the court granted the defendant's motions (Docs. 20, 21), and ordered a mental health evaluation and report.  Doc. 26; *see* 18 U.S.C. § 4241(a), (b).

Consistent with that order, Barakat was examined and evaluated by a forensic psychologist with the Bureau of Prisons (BOP).  *See, e.g.*, Docs. 31, 32 (under seal).

On April 1, 2025, the court received the forensic evaluation report.  Doc. 31 (under seal); *see also* Docs. 29, 30, 33, 38, 41, 42; minute entry, entered: 05/14/2025.

On May 29, 2025 (and in light of that report), the parties filed a joint stipulation as Barakat's competency to stand trial, which was signed by Barakat, and

in which the parties agreed to stipulate to the admission of the report, agreed that the court may use the report to determine Barakat's competency to stand trial, and waived any hearing. Doc. 43 at 1–3; *see* 18 U.S.C. § 4241(c), (d); *see also* 18 U.S.C. § 4247(d) (no hearing).

## LEGAL STANDARD

The standard for a criminal defendant's competency is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (quotation marks omitted); *accord Raheem v. GDCP Warden*, 995 F.3d 895, 929 (11th Cir. 2021); *see also* 18 U.S.C. § 4241 (similar).

## FACTUAL FINDINGS

Based on the forensic evaluation and report (Doc. 31, under seal), and the parties' joint stipulation (Doc. 43, under seal), the court **FINDS** as follows:

The examiner's report includes Barakat's history (Doc. 31 at 2–7), her present symptoms (Doc. 31 at 8–12), a description of the psychiatric, psychological, and medical tests that were employed and their results (Doc. 31 at 1, 9–10), the examiner's findings (Doc. 31 at 8–12), the examiner's opinions as to diagnosis and prognosis (Doc. 31 at 10–12), and the examiner's opinions that Barakat is ***not*** suffering from a mental disease or defect rendering her mentally incompetent and

that Barakat *is able* to understand the nature and consequences of the proceedings against her and to assist properly in her defense (Doc. 31 at 12–13). *See* 18 U.S.C. § 4247(b), (c) (evaluation and report).

Thus, the court does *not* "find[] by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(d).

## CONCLUSION

Accordingly, pursuant to 18 U.S.C. § 4241 (and *Dusky*, 362 U.S. at 402), the court **FINDS** that Barakat is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, and **ORDERS** that Barakat is competent to stand trial.

**DONE** and **ORDERED** this June 2, 2025.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE

3